# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-120 |
| EMMA SEMLER | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and A. Nicole Phillips and Randall P. Hsia, Assistant United States Attorneys for the district, respectfully submits the following proposed jury instructions[1] pursuant to Federal Rule of Criminal Procedure 30 and requests leave to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

THOMAS R. PERRICONE
Assistant United States Attorney
Chief, Narcotics & Organized Crime

A. NICOLE PHILLIPS
RANDALL P. HSIA
Assistant United States Attorneys

Date: July 2, 2018

---

[1] The government has noted deletions from model instructions by ~~strikeout~~ and additions by <u>underlining</u>.

# TABLE OF CONTENTS

**Instructions**                                                         **Page Number**

GOV'T'S REQUEST NO. 1 ...................................................................................... 1
   Role of Jury ............................................................................................................ 1

GOV'T'S REQUEST NO. 2 ...................................................................................... 3
   Jury Recollection Controls .................................................................................... 3

GOV'T'S REQUEST NO. 3 ...................................................................................... 4
   Penalty Not To Be Considered .............................................................................. 4

GOV'T'S REQUEST NO. 4 ...................................................................................... 5
   Evidence ................................................................................................................. 5

GOV'T'S REQUEST NO. 5 ...................................................................................... 8
   Direct and Circumstantial Evidence ...................................................................... 8

GOV'T'S REQUEST NO. 6 .................................................................................... 10
   Credibility of Witnesses ...................................................................................... 10

GOV'T'S REQUEST NO. 7 .................................................................................... 12
   Not All Evidence, Not All Witnesses Needed ..................................................... 12

GOV'T'S REQUEST NO. 8 .................................................................................... 13
   Presumption of Innocence; Burden of Proof; Reasonable Doubt ........................ 13

GOV'T'S REQUEST NO. 9 .................................................................................... 15
   Summary ~~Nature~~ of the Indictment ................................................................... 15

GOV'T'S REQUEST NO. 10 .................................................................................. 16
   "On or About" ...................................................................................................... 16

GOV'T'S REQUEST NO. 11 .................................................................................. 17
   Separate Consideration - Single Defendant Charged with Multiple Offenses ......... 17

GOV'T'S REQUEST NO. 12 .................................................................................. 18
   Verdict as to defendant only ................................................................................ 18

GOV'T'S REQUEST NO. 13 .................................................................................. 19
   Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201) ................ 19

GOV'T'S REQUEST NO. 14 .................................................................................. 20
   Opinion Evidence (Expert Witnesses) ................................................................. 20

GOV'T'S REQUEST NO. 15 .................................................................................. 21
   Specific Investigation Techniques Not Required ................................................. 21

GOV'T'S REQUEST NO. 16 .................................................................................. 22
   Credibility of Witnesses – Law Enforcement Officer ......................................... 22

GOV'T'S REQUEST NO. 17 .................................................................................. 23
   Credibility of Witnesses - Testimony of Cooperating Witnesses and Immunized Witnesses .. 23

GOV'T'S REQUEST NO. 18 .................................................................................. 24
   Credibility of Witnesses - Testimony of Addict or Substance Abuser ................... 24

GOV'T'S REQUEST NO. 19 ........................................................................................ 25
    Impeachment of Witness - Prior Inconsistent Statement ~~for Credibility Only~~ ........................ 25

GOV'T'S REQUEST NO. 20 ........................................................................................ 26
    Defendant's Choice not to Testify or Present Evidence ........................................................ 26

GOV'T'S REQUEST NO. 21 ........................................................................................ 27
    Defendant's Testimony ................................................................................................ 27

GOV'T'S REQUEST NO. 22 ........................................................................................ 28
    Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b)) .............................................. 28

GOV'T'S REQUEST NO. 23 ........................................................................................ 29
    Defendant's Character Evidence .................................................................................... 29

GOV'T'S REQUEST NO. 24 ........................................................................................ 30
    Motive Explained ...................................................................................................... 30

GOV'T'S REQUEST NO. 25 ........................................................................................ 31
    Indictment in the conjunctive, statute and required proof in the disjunctive ............................ 31

GOV'T'S REQUEST NO. 26 ........................................................................................ 32
    Count One - Distribution of a Controlled Substance Resulting in Death - Essential Elements 32

GOV'T'S REQUEST NO. 27 ........................................................................................ 33
    Count One - Distribution of a Controlled Substance Resulting in Death - To distribute – Defined .................................................................................................................... 33

GOV'T'S REQUEST NO. 28 ........................................................................................ 34
    Count One - Distribution of a Controlled Substance Resulting in Death - "Knowingly" and "Intentionally" Defined ................................................................................................ 34

GOV'T'S REQUEST NO. 29 ........................................................................................ 35
    Count One - Distribution of a Controlled Substance Resulting in Death - Method of Proving Knowledge .............................................................................................................. 35

GOV'T'S REQUEST NO. 30 ........................................................................................ 36
    Count One - Distribution of a Controlled Substance Resulting in Death - "Controlled Substance" - Defined .................................................................................................. 36

GOV'T'S REQUEST NO. 31 ........................................................................................ 37
    Count One - Distribution of a Controlled Substance Resulting in Death - Actual or Exact Amount of Controlled Substance Need Not be Proven ........................................................ 37

GOV'T'S REQUEST NO. 32 ........................................................................................ 38
    Count Two – Distribution, Within 1,000 Feet of a Playground, of a Controlled Substance Resulting in Death - Elements of the Offense .................................................................. 38

GOV'T'S REQUEST NO. 33 ........................................................................................ 39
    Count Two - Distribution, Within 1,000 Feet of a Playground, of a Controlled Substance Resulting in Death - Knowledge of Proximity of Playground Not Required .......................... 39

GOV'T'S REQUEST NO. 34 ........................................................................................ 40
    Count Two - Distribution, Within 1,000 Feet of a Playground, of a Controlled Substance Resulting in Death - 1,000-Foot Measurement is Straight-Line Measurement ...................... 40

GOV'T'S REQUEST NO. 35 .................................................................................... 41

    Counts One and Two - Accomplice Liability: Aiding and Abetting ....................... 41

GOV'T'S REQUEST NO. 36 .................................................................................... 43

    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to
Deliberate; Communication with Court ................................................................. 43

GOV'T'S REQUEST NO. 37 .................................................................................... 46

    Verdict Form ....................................................................................................... 46

# GOV'T'S REQUEST NO. 1

## Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or social media website such as Facebook, Instagram, MySpace, LinkedIn, YouTube or Twitter,

1

to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.01 (2015) (modified as noted).

## GOV'T'S REQUEST NO. 2

### Jury Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits

does not coincide with your own recollection of that evidence, it is your recollection, which

should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

---

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed. 2010)
(unmodified); United States v. Thames, 846 F.2d 200, 204 (3d Cir.), cert. denied, 488 U.S. 928
(1988).

**Penalty Not To Be Considered**

       The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

---

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. 2010) (the instruction set out is paragraph 6 of a longer instruction intended to be given as the jury retires); United States v. Austin, 533 F.2d 879, 884-85 (3d Cir. 1976), cert. denied, 429 U.S. 1043 (1977).

## GOV'T'S REQUEST NO. 4

**Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.02 (2015) (unmodified).

# GOV'T'S REQUEST NO. 5

## Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.03 (2015) (unmodified).

# GOV'T'S REQUEST NO. 6

## Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness'ss testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

(7) Whether the witness's testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness's testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.04 (2015) (unmodified).

## GOV'T'S REQUEST NO. 7

### Not All Evidence, Not All Witnesses Needed

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, defendant Emma Semler [presented evidence] [produced witnesses]. Defendant Emma Semler is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

---

3rd Circuit Model Criminal Jury Instructions, No. 3.05 (2015) (unmodified).

12

<u>**GOV'T'S REQUEST NO. 8**</u>

<u>**Presumption of Innocence; Burden of Proof; Reasonable Doubt**</u>

The defendant, Emma Semler, pleaded not guilty to the offenses charged. Every defendant is presumed to be innocent. <u>The defendant</u> started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with a defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find a defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that a defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the government to prove that a defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find a defendant guilty of the offense charged, the government must convince you that that defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to

act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.06 (2015) (unmodified).

# GOV'T'S REQUEST NO. 9

## Summary ~~Nature~~ of the Indictment

~~As you know, the defendant (name) is charged in the indictment with violating federal law, specifically (state the offense(s) charged).~~ As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes a defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that a defendant has been indicted in making your decision in this case.

Count One of the indictment charges Emma Semler with distributing a controlled substance, and aiding and abetting the distribution of a controlled substance, the use of which resulted in death.

Count Two of the indictment charges Emma Semler with distributing, within 1,000 feet of a playground, a controlled substance, the use of which resulted in death, and aiding and abetting the distribution, within 1,000 feet of a playground, of a controlled substance, the use of which resulted in death.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.07 (2015) (modified as noted).

# GOV'T'S REQUEST NO. 10

## "On or About"

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.08 (2015) (unmodified).

**Separate Consideration - Single Defendant Charged with Multiple Offenses**

The defendant, Emma Semler, is charged with more than one offense; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.12 (2015) (modified as noted).

# GOV'T'S REQUEST NO. 12

## Verdict as to defendant only

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find that defendant not guilty.

---

1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §12.11 (6th ed. 2010) (unmodified).

**Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201)**

The parties have agreed what *(name of witness)*'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

The Government and the defendant*(s)* have agreed that *(set forth stipulated fact(s)) (is)(are)* true. You should therefore treat *(this fact)(these facts)* as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

I have taken judicial notice of certain facts. *(State the fact(s) that are being judicially noticed.)* I believe *(this fact is) (these facts are) (of such common knowledge) (can be so accurately and readily determined from (name accurate source))* that it cannot reasonably be disputed. You may accept this fact as proven, but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

---

3rd Circuit Model Criminal Jury Instructions, Nos. 4.01-4.03 (2017) (unmodified).

## GOV'T'S REQUEST NO. 14

### Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from the following expert witnesses:

Dr. Paul J. Hoyer, a medical examiner for Montgomery County, an expert in the field of pathology, and

*[name]*, an expert in the field of toxicology.

Because of his/her knowledge, skill, experience, training, or education in his/her respective fields, each witness was permitted to offer an opinion in his/her field and the reasons for that opinion.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness'ss qualifications, the reasons for the witness'ss opinions, and the reliability of the information supporting the witness'ss opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion entirely if you decide that a witness's opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.08 (2017) (modified as noted).

# GOV'T'S REQUEST NO. 15

## Specific Investigation Techniques Not Required

During the trial, you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence)*.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.14 (2017) (unmodified).

21

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

*[At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.]*

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.18 (2017) (unmodified).

# GOV'T'S REQUEST NO. 17

## Credibility of Witnesses - Testimony of Cooperating Witnesses and Immunized Witnesses

You have heard evidence that Dillon Quinn and Malik Robinson are alleged accomplices, who say they participated in the crime charged and have made plea agreements with the government. You have also heard evidence that Sarah Semler has received a promise from the government that she will not be prosecuted. Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who reached a plea bargain with the government or who has been promised immunity by the government, but you should consider the testimony of Dillon Quinn, Malik Robinson, and Sarah Semler with great care and caution. In evaluating their testimony, you should consider this factor along with the others I have called to your attention. Whether or not a witness'ss testimony may have been influenced by the plea agreement, alleged involvement in the crime charged, or promise of immunity is for you to determine. You may give the witness'ss testimony such weight as you think it deserves.

You must not consider Dillon Quinn's and Malik Robinson's guilty pleas as any evidence of Emma Semler's guilt. A witness'ss (His)(her) decision to plead guilty was a personal decision about his own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the defendant has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified. You may consider Dillon Quinn's and Malik Robinson's guilty pleas only for these purposes.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.19 (2017) (modified as noted).

## GOV'T'S REQUEST NO. 18

### Credibility of Witnesses - Testimony of Addict or Substance Abuser

Evidence was introduced during the trial that Dillon Quinn and Sarah Semler were addicted to and using drugs when the events took place. There is nothing improper about calling such a witness to testify about events within his or her personal knowledge.

On the other hand, their testimony must be considered with care and caution. The testimony of a witness who was addicted to and using heroin when the events took place may be less believable because of the effect the drugs may have on his or her ability to perceive, remember, or relate the events in question.

After considering Dillon Quinn's and Sarah Semler's testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.21 (2017) (modified as noted).

## GOV'T'S REQUEST NO. 19

### Impeachment of Witness - Prior Inconsistent Statement ~~for Credibility Only~~

You have heard the testimony of *[name of witness]*. ~~You have also heard that before this trial she made a statement that may be different from her testimony in this trial. It is up to you to determine whether this statement was made and whether it was different from the witness's testimony in this trial. This earlier statement was brought to your attention only to help you decide whether to believe the witness's testimony here at trial. You cannot use it as proof of the truth of what the witness said in the earlier statement. You can only use it as one way of evaluating the witness's testimony in this trial.~~

You also heard evidence that this witness made a statement before this trial that was made under oath before the grand jury and that may be different from her testimony at trial. When a statement is made under oath before the grand jury, you may not only use it to help you decide whether you believe the witness's testimony in this trial but you may also use it as evidence of the truth of what the witness said in the earlier statement. ~~But when a statement is not made under oath or not given before the grand jury, you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness said in the earlier statement.~~

---

3rd Circuit Model Criminal Jury Instructions, No. 4.22 (2017) (modified as noted).

# GOV'T'S REQUEST NO. 20

## Defendant's Choice not to Testify or Present Evidence

Defendant Emma Semler did not testify *(did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that she is innocent. You must not attach any significance to the fact that a defendant did not testify. You must not draw any adverse inference against the defendant because she did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.27 (2017) (unmodified).

# GOV'T'S REQUEST NO. 21

**Defendant's Testimony**

In a criminal case, a defendant has a constitutional right not to testify. However, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf. In this case, defendant Emma Semler testified. You should examine and evaluate her testimony just as you would the testimony of any witness.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.28 (2017) (unmodified).

# GOV'T'S REQUEST NO. 22

## Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b))

You heard evidence that the defendant. Emma Semler, on a previous occasion committed *(describe bad act elicited on cross-examination of defendant)*. You may consider that evidence only to help you decide whether to believe her testimony and how much weight to give it. That evidence does not mean that Emma Semler committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

~~[This evidence may not be used in any way at all in connection with the other defendant(s).]~~

---

3rd Circuit Model Criminal Jury Instructions, No. 4.35 (2017) (unmodified).

**Defendant's Character Evidence**

You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether the defendant has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.)*.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge*(s)* beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.39 (2017) (unmodified).

## GOV'T'S REQUEST NO. 24

**Motive Explained**

Motive is not an element of the offenses with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty. Evidence of a defendant's motive may, however, help you find a defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

---

3rd Circuit Model Criminal Jury Instructions, No. 5.04 (2015) (unmodified).

## GOV'T'S REQUEST NO. 25

### Indictment in the conjunctive, statute and required proof in the disjunctive

Before I discuss elements of the offenses charged in the indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms of action in what lawyers call "the disjunctive," that is, separated by the word "or." For example, the federal drug statute, 21 U.S.C. § 841(a)(1), makes it illegal to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance. This statute prohibits six different actions: (1) manufacturing, (2) distributing, (3) dispensing, (4) possessing with intent to manufacture, (5) possessing with intent to distribute, and (6) possessing with intent to dispense. All six of these crimes are separated by the word "or" in the statute. Yet, it is permissible for the government to charge all six in an indictment and separate them with the word "and." This, however, does not mean that if the government does so, it must prove that the defendant violated the drug statute in all six ways. If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction. As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged."

---

Turner v. United States, 396 U.S. 398, 420-21 (1970); United States v. Niederberger, 580 F.2d 63, 67-68 (3d Cir. 1978).

## GOV'T'S REQUEST NO. 26

## Count One - Distribution of a Controlled Substance Resulting in Death - Essential Elements

Count One of the indictment charges Emma Semler with distributing a mixture or substance containing a controlled substance, specifically heroin, the use of which resulted in death, which is a violation of federal law.

In order to find a defendant guilty of distributing a controlled substance, the use of which resulted in death, you must find that the government proved each of the following four elements beyond a reasonable doubt as to that defendant:

*First,* that the defendant distributed a mixture or substance containing a controlled substance;

*Second,* that the defendant distributed the controlled substance knowingly or intentionally;

*Third,* that the controlled substance was the substance identified in the indictment, i.e. heroin.

*Fourth*, that death ~~or serious bodily injury~~ resulted from the use of the controlled substance. To find that death or serious bodily injury resulted from the use of the substance, you must find that the government proved beyond a reasonable doubt that the use of the substance was a but-for cause of the death or injury, meaning the government must prove beyond a reasonable doubt that the death ~~or serious bodily injury~~ would not have resulted had the victim not used the controlled substance distributed by Emma Semler. The government does not have to prove that the defendant knew, should have known, or intended that death would result.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841B (2015) (modified as noted).

**Count One - Distribution of a Controlled Substance Resulting in Death - To distribute –
Defined**

Distribute, as used in the offense charged, means deliver or transfer possession or control of a controlled substance from one person to another.

Distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-2 (2015) (unmodified).

# GOV'T'S REQUEST NO. 28

## Count One - Distribution of a Controlled Substance Resulting in Death - "Knowingly" and "Intentionally" Defined

To act knowingly, as used in the offenses charged, means that a defendant was conscious and aware that she was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that a defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that a defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the government to prove beyond a reasonable doubt that a defendant knew that what she distributed was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact heroin. However, as long as you find that the government proved beyond a reasonable doubt that a defendant knew that what she distributed was a controlled substance, you need not find that that defendant knew that the controlled substance was heroin.

In deciding whether a defendant acted "knowingly or intentionally," you may consider evidence about what she said, what she did and failed to do, how she acted, and all the other facts and circumstances shown by the evidence that may prove what was in her mind at that time.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-4 (2015) (modified as noted).

## Count One - Distribution of a Controlled Substance Resulting in Death - Method of Proving Knowledge

Your decision whether a defendant knew the material she distributed was a controlled substance involves a decision about the defendant's state of mind. It is obviously impossible to prove directly the operation of a defendant's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

For example, if the defendant was the sole occupant of a residence or a vehicle, it is reasonable to conclude that the defendant knew about items in the residence or vehicle. The defendant's behavior may also indicate knowledge. Nervousness in the presence of the drugs or flight from the site at which authorities have identified drugs may indicate that the defendant knew that the materials in question were ~~narcotics~~ controlled substances. Also, the possession of a large quantity of drugs may indicate that the defendant knew what she had in her possession. These examples are neither exhaustive nor conclusive. It is up to you, based on all the evidence, including the testimony of others, to determine whether the defendant knew that the materials she possessed were ~~narcotics~~ controlled substances.

---

2 L. Sand, et al., Modern Federal Jury Instructions, Instruction 56-7 (2011) (modified as noted); United States v. Iafelice, 978 F.2d 92, 97-98 (3d Cir. 1992).

## Count One - Distribution of a Controlled Substance Resulting in Death - "Controlled Substance" - Defined

You are instructed that, as a matter of law, heroin is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendant distributed a mixture or substance containing heroin.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-3 (2015) (unmodified).

**Count One - Distribution of a Controlled Substance Resulting in Death - Actual or Exact Amount of Controlled Substance Need Not be Proven**

The evidence received in this case need not prove the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the indictment as distributed by the defendant.

The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally distributed.

---

2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions,</u> § 64.14 (6th ed. 2010) (unmodified).

**Count Two – Distribution, Within 1,000 Feet of a Playground, of a Controlled Substance Resulting in Death - Elements of the Offense**

Count Two of the indictment charges that Emma Semler distributed, within 1,000 feet of a playground, a mixture or substance containing heroin, the use of which resulted in death. In addition to the offense of distributing a controlled substance, the use of which resulted in death, generally, which is charged in Count One, it is a separate violation of federal law to distribute, within 1,000 feet of a playground, a controlled substance, the use of which resulted in death.

In order to find a defendant guilty of the ~~this~~ offense <u>of distributing, within 1,000 feet of a playground, a controlled substance, the use of which resulted in death,</u> in addition to the elements that I have already explained to you <u>regarding distributing a controlled substance, the use of which resulted in death,</u> you must also find that the government proved beyond a reasonable doubt that the defendant distributed the controlled substance in or on, or within 1,000 feet of, the property comprising the Tustin Playground, located at 5901 Columbia Avenue, Philadelphia, Pennsylvania.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841A comments (2015) (modified as noted).

## GOV'T'S REQUEST NO. 33

### Count Two - Distribution, Within 1,000 Feet of a Playground, of a Controlled Substance Resulting in Death - Knowledge of Proximity of Playground Not Required

The government does *not* have to prove that the defendant specifically knew that she was within 1,000 feet of a playground when she distributed the controlled substance, or that the defendant intended that the distribution would occur within 1,000 feet of a playground. Moreover, the government does *not* have to prove that the defendant intended to distribute the controlled substance to children.

It is sufficient for the government to prove that the defendant distributed the controlled substance the use of which resulted in death, and that the distribution occurred within 1,000 feet of the real property comprising Tustin Playground, located at 5901 Columbia Avenue, Philadelphia, Pennsylvania.

*(The United States and the defendant have stipulated that the playground in the indictment is within 1,000 feet of the place where the alleged distribution occurred. I instruct you that you can accept that fact as true.)*

---

21 U.S.C. §§ 841(a)(1) and 860; 3rd Circuit Model Criminal Jury Instructions, No. 6.21.841A comments (2015); United States v. Rodriguez, 961 F.2d 1089 (3d Cir. 1992); United States v. Black, 779 F.2d 121, 122-23 (2d Cir. 1985); United States Cunningham, 615 F.Supp. 519 (S.D.N.Y. 1985); United States v. Peter J. Neris, Criminal No. 86-00264, E.D.Pa. (unpublished bench opinion by Pollak, J., September 9, 1986).

**Count Two - Distribution, Within 1,000 Feet of a Playground, of a Controlled Substance Resulting in Death - 1,000-Foot Measurement is Straight-Line Measurement**

The 1,000-foot requirement is a straight-line measurement which, in effect, creates a zone around a playground and is specifically not measured by pedestrian routes.

---

21 U.S.C. §§ 841(a)(1) and 860(a); United States v. Ofarril, 779 F.2d 791 (2d Cir. 1985); United States v. Cunningham, 615 F.Supp. 519 (S.D.N.Y. 1985); United States v. Peter J. Neris, Criminal No. 86-00264, E.D.Pa. (unpublished bench opinion by Pollak, J., September 9, 1986); United States v. Robles, 814 F.Supp. 1249, 1251 (E.D.Pa.), affirmed, 8 F.3d 813 (3d Cir. 1993).

# GOV'T'S REQUEST NO. 35

## Counts One and Two - Accomplice Liability: Aiding and Abetting

A person may be guilty of an offense because she personally committed the offense himself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Emma Semler aided and abetted the principal in committing the distribution of a controlled substance the use of which resulted in death charged in Count One, and the distribution, within 1,000 feet of a playground, of a controlled substance the use of which resulted in death charged in Count Two of the indictment. In order to find a defendant guilty of these offenses because she aided and abetted the principal in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First: That the principal committed the offense charged by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions. The principal need not have been charged with or found guilty of the offense, however, as long as you find that the government proved beyond a reasonable doubt that she committed the offense.

Second: That the defendant knew that the offense charged was going to be committed or was being committed by the principal, and

Third: That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging the principal in committing the specific offense charged and with the intent that the principal commit that specific offense, and

Fourth: That the defendant performed an act in furtherance of the offense charged.

In deciding whether the defendant had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by the principal as something the defendant wished to bring about and to make succeed.

To show that the defendant performed an act in furtherance of the offense charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged the principal to commit the offense. That is, you must find that the defendant's act did, in some way, aid, assist, facilitate, or encourage, the principal to commit the offense. The defendant's act need not further aid, assist, facilitate, or encourage every part or phase or element of the offense charged; it is enough if the defendant's act further aid, assist, facilitate, or encourage only one (or some) part or phase or elements of the offense. Also, the defendant's acts need not themselves be against the law.

---

3rd Circuit Model Criminal Jury Instructions, No. 7.02 (2014) (modified as noted).

## GOV'T'S REQUEST NO. 36

### Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find a defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved a defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can

to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give

them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense*(s)*.

———————————  ————————

3rd Circuit Model Criminal Jury Instructions, No. 3.16 (2015) (unmodified).

**Verdict Form**

        A verdict form has been prepared that you should use to record your verdicts.

        Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved a defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved a defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.17 (2015) (unmodified).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Proposed Jury

Instructions has been served by me, this date, by email or electronic filing upon the following

people:

*__Counsel for Emma Semler__*
Lynanne B. Wescott
The Wescott Law Firm P.C.
1221 Locust Street
Philadelphia, PA 19107-5570
Email: lwescott@westlaw.net


A. NICOLE PHILLIPS
RANDALL P. HSIA
Assistant United States Attorneys


Date: July 2, 2018