UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. 17- 120 |
| : | |
| EMMA SEMLER : | |

**<u>ORDER</u>**

AND NOW, this ___ day of December, 2022, upon consideration of Defendant's Motion for Consolidated Plea and Resentencing Proceedings, and the government's consent thereto, and for good cause shown, IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the change of plea and resentencing in this case shall occur on the same date, that is, _____, 202__. In aid of the resentencing:

1. The United States Probation Department shall provide a brief supplement to the Presentence Investigation Report ("PIR") proposing a calculation of the United States Sentencing Guidelines that would be implicated by a plea of guilty to the Superseding Information, including the potential application of U.S.S.G. §§ 5K2.1 (p.s.) and 6B1.2(b) (p.s.). The supplement shall also include any material information about the history and characteristics of the defendant that post-dates the most recent supplemental report in this case, as prepared in March 2022. The new supplement shall be submitted to counsel no less than ___ days prior to the plea-and-resentencing date, and after any revisions warranted by counsel's comments or objections, shall be submitted to the Court no less than ___ days prior to the plea-and-resentencing date.

2. The Court FINDS good cause, pursuant to Fed. R. Crim. P. 32(b)(2), for the foregoing accelerated schedule. The Court further FINDS, pursuant to Fed. R. Crim. P. 32(e)(1)

that the defendant has consented in writing to the preparation and disclosure of the supplemental presentence report prior to the entry of the proposed plea.

3.     The Court FINDS, pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2) (p.s.), that with the supplement described herein, the record will contain sufficient information to enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553(a). This finding is based on the extensive procedural history of the case, including the initial sentencing proceedings conducted by this Court in May 2019 with a full PIR and the further proceedings on remand, including a supplemental PIR, held pursuant to Fed. R. Crim. P. 11(c)(1)(C) in March 2022.

IT IS SO ORDERED.

                                                  BY THE COURT:

                                                  _____
                                                  GENE E. K. PRATTER
                                                  United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 17-120 |
| : | |
| EMMA SEMLER : | |

## DEFENDANT SEMLER'S CONSENT MOTION FOR
## CONSOLIDATED PLEA AND RESENTENCING PROCEEDINGS

Defendant, Emma Semler, with government consent, moves this Court to schedule a consolidated proceeding for her anticipated plea of guilty to a Superseding Information and for a resentencing upon that conviction. In support of her motion, defendant-appellant Semler states:

1.  On December 11, 2018, after a seven-day jury trial over which this Court presided, Ms. Semler was convicted of distribution of heroin, a controlled substance, on May 9, 2014, within 1000 feet of a playground, resulting in death.

2.  On May 29, 2019, this Court sentenced Ms. Semler to a term of 252 months' imprisonment, to be followed by six years' supervised release, and a fine of $2,500. In aid of that sentencing, the United States Probation Office prepared a full Presentence Investigation Report ("PIR"). The parties also made extensive presentations discussing the nature and circumstances of the offense as well as the history and characteristics of the defendant. Moreover, the Court entertained a full in-person statement from the mother of the young woman who died as a result of the distribution of heroin on May 9, 2014.

3.  From the judgment of sentence, Ms. Semler took a timely direct appeal. By opinion filed June 1, 2021, the Third Circuit vacated the defendant's conviction and sentence, remanding for a new trial.

4. On November 15, 2021, pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), Ms. Semler pled guilty to lesser-included offenses of Counts One and Two of the indictment, that is, distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One); and distribution of a controlled substance within 1,000 feet of a playground, in violation of 21 U.S.C. § 860(a) (Count Two). As Count One, in turn, is a lesser-included offense to Count Two, the defendant then faced sentencing only for the alleged violation of 21 U.S.C. § 860(a).

5. The parties' agreement under Rule 11(c)(1)(C) was that a sentence of imprisonment within a range of 84 to 120 months would satisfy all the purposes of sentencing, without being either insufficient or greater than necessary.

6. On March 10, 2022, this Court proceeded with the resentencing hearing. Before formally imposing sentence, however, the Court announced it would not impose a sentence as agreed to and recommended by the parties. Instead, the Court announced its intention to impose a 180-month sentence. Accordingly, the defendant declined to proceed. Instead, on April 12, 2022, Ms. Semler formally exercised her prerogative under Rule 11(d)(2)(A) to withdraw her November 2021 guilty plea.

7. The parties then resumed their respective preparations for trial, while at the same time continuing discussions aimed at a mutually satisfactory non-trial disposition. Ultimately, the parties' discussions proved fruitful, and the government and defendant negotiated a resolution of the case that eliminates their respective litigation risks while serving, in the considered judgment of both parties, the interests of justice.

8. In support of the agreed disposition, the government has submitted to the Court a Guilty Plea Agreement and proposed Superseding Information that will fully dispose of the case.

The defendant will waive indictment and plead guilty to the three counts of the Superseding Information. In connection with the defendant's plea to the Superseding Information, the parties have agreed under Fed. R. Crim. P. 11(c)(1)(B) to jointly recommend a sentence of 108 months' imprisonment (a significant upward departure that is more than the defendant's time served to date, and above the middle of the previously-proposed (c)(1)(C) range), a statutory maximum term of supervised release, and a fine under the Guidelines.

9. The defendant suggests that under all the foregoing circumstances, the entry of the plea and the final resentencing can fairly occur in this case on the same date, and that following the ordinary timetable would result in "unnecessary delay," in violation of Fed. R. Crim. P. 32(b)(1). To facilitate that approach, the defendant expressly waives her right, under Fed. R. Crim. P. 32(e)(1), not to have any supplemental PIR prepared and submitted prior to entry of the plea.

10. The defendant acknowledges that she has no right to "waive" entirely the preparation of a PIR, which is for the purpose of ensuring an informed exercise of the Court's statutory discretion. 18 U.S.C. § 3552(a); U.S.S.G. § 6A1.1(b) (p.s.). Nevertheless, the defendant can and does suggest that the record of the case, as supplemented with a new Guidelines calculation and an update reflecting any material developments since March 2022, will contain more than sufficient information to enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553(a).

11. As stated above, Assistant United States Attorney Everett Witherell authorized the undersigned to represent to this Court that the government does not oppose the relief sought in this motion, conditioned only on the new date being set far enough in advance to allow the

U.S. Attorney's Office to fulfill its notification responsibilities under the Crime Victims' Rights Act.

WHEREFORE, Emma Semler prays that this Court enter an order substantially in the form attached, scheduling a consolidated plea and sentencing proceeding and making the supporting findings required by the applicable Rules of Procedure.

                                      Respectfully submitted:

                                      SAXTON & STUMP

Dated: November 30, 2022     By:   */s/ Mark E. Cedrone*
                                                    MARK E. CEDRONE, ESQ.
                                                    230 South Broad Street – Suite 1100
                                                    Philadelphia, PA 19102
                                                    (267) 665-2080
                                                    mec@saxtonstump.com

                                                    *Attorney for Defendant Emma Semler*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 17-120 |
| : | |
| EMMA SEMLER : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CONSENT MOTION FOR CONSOLIDATED PLEA AND RESENTENCING PROCEEDINGS**

Defendant, Emma Semler, with government consent,[1] has moved this Court to exercise its discretion to schedule a consolidated proceeding for what are ordinarily two separate stages of a criminal case: her anticipated plea of guilty to a three-count Superseding Information and the resentencing upon that conviction. The motion should be granted.

Ms. Semler's case is before this Court on remand following an appellate reversal of her original conviction and sentence, which followed a seven-day trial held in late 2018. In aid of the original sentencing, held in May 2019, the United States Probation Office prepared a comprehensive Presentence Investigation Report ("PIR"). That report was supplemented less than nine months ago, in connection with an anticipated resentencing pursuant to a plea under Rule 11(c)(1)(C), which this Court declined to accept.

To effectuate the requested consolidation, Ms. Semler asks that the Court order a second supplemental PIR, that it do so prior to scheduling the change of plea, and that it set short deadlines. The Court's authority to grant the requested relief is found in three different provisions of Rule 32 of the Federal Rules of Criminal Procedure. That Rule governs resentencings as well as initial sentencing proceedings.

---

[1] The only condition on the government's consent is that in scheduling, the Court allow enough lead time for the U.S. Attorney's Office to comply with its notification obligation under the Crime Victims' Rights Act, *i.e.*, at least a couple of weeks. The defendant fully concurs.

Ordinarily, 18 U.S.C. § 3552 and Rule 32(c)(1) require that a full PIR be created for any sentencing. But Rule 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2) (p.s.) authorize the Court to dispense with a PIR (and thus, by implication, to order a truncated or merely supplemental report) whenever the Court finds that "the record contains" (or will contain) "enough information to enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553(a)," *id.*, even without a full PIR. Such a finding can readily be made in this case based on the extensive prior proceedings over which this Court presided, including the initial sentencing conducted by this Court in May 2019 with a full PIR and the further proceedings on remand, including a supplemental PIR, held pursuant to Fed. R. Crim. P. 11(c)(1)(C) in March 2022.[2] To permit the suggested consolidation, Ms. Semler has expressly consented in writing to the preparation and disclosure of the supplemental report prior to the entry of the proposed plea. She suggests that the new report be limited to a revised Guidelines calculation (based on the Superseding Information and the plea agreement) and an update on her conduct since March. This procedure is contemplated by Fed. R. Crim. P. 32(e)(1).

Finally, Rule 32(b)(2) authorizes the Court, for good cause, to shorten the normally generous time periods for preparing, objecting to, revising, and finally disclosing the PIR prior to any sentencing. *See* Loc. Crim. R. 32.3. To facilitate the prompt and finalize disposition of this case, Ms. Semler has suggested an accelerated schedule. She further suggests that since her

---

[2] Defendant Semler acknowledges that she has no right to "waive" entirely the preparation of a PIR, which is for the purpose of ensuring an informed exercise of this Court's statutory discretion. *See* 18 U.S.C. § 3552(a); U.S.S.G. § 6A1.1(b) (p.s.). Nor does she seek sentencing without the benefit of any PIR. Compare *United States v. Melchor*, 2022 WL 4009023 (E.D. Wis., Sept. 2, 2022) (denying, for carefully elaborated reasons, parties' joint motion to proceed without a PIR, but suggesting accelerated schedule, including "truncated" report).

proposal is feasible and fair, following the ordinary timetable in this case would result in "unnecessary delay," in violation of Fed. R. Crim. P. 32(b)(1).

Waiver or partial waiver of a full PIR under Rule 32(c)(1)(A)(ii) is often granted in the circumstances of this case, that is, when the sentencing in question is in fact a resentencing on remand following an appeal, and a reduced sentence is contemplated. *See*, *e.g.*, *United States v. Sawaf*, 2018 WL 287864 (E.D. Ky., Jan. 4, 2018) (Rule properly invoked where defendant resentenced to agreed nine years' time served, on remand following reversal of conviction and 20-year sentence; §2255 motion denied).

A Tenth Circuit panel approved a sentencing without delay and without a PIR to no more than the mandatory minimum, where the defendant had so requested. *United States v. Hamill*, 561 Fed. Appx. 692, 695 (10th Cir. 2014).[3] The Sixth Circuit has likewise recognized a judge's authority to sentence without a PIR upon accepting the parties' agreement under a Rule 11(c)(1)(C) plea and making a Rule 32(c)(1) finding, particularly in light of the defendant's expressed preference that the court do so. *United States v. Brown*, 557 F.3d 297, 299–300 (6th Cir. 2009). A Second Circuit panel has held that the district court did not abuse its discretion in proceeding to sentencing where it was in possession of a two-year-old PIR created for the same defendant in a different case, along with a Probation Officer's report prepared in support of an alleged supervised release violation for the instant conduct. *United States v. Ellis*, 60 Fed. Appx. 869, 871 (2d Cir. 2003). In short, the sentencing court's exercise of discretion in cases of this kind depends on the circumstances, and will rarely be reversed.

---

[3] By contrast, the Third Circuit summarily reversed a sentence several years *above* the mandatory minimum that had been imposed, over the defendant's objection, without a PIR and without compliant findings. See *United States v. King,* 644 Fed. Appx. 214, 216 (3d Cir. 2016) (describing prior unreported reversal of *United States v. King*, 2014 WL 7330456 (E.D. Pa., Dec. 19, 2014) (Baylson, J.), while affirming sentence imposed on remand).

3

For these reasons, the Court should grant defendant Semler's motion. Her proposed order suggests that the Court make the supporting findings required by the applicable Rules of Procedure and schedule a consolidated plea and sentencing proceeding at the earliest feasible date.

                                              Respectfully submitted:

                                              SAXTON & STUMP

Dated: November 30, 2022      By:     */s/ Mark E. Cedrone*
                                                          MARK E. CEDRONE, ESQ.
                                                          230 South Broad Street – Suite 1100
                                                          Philadelphia, PA 19102
                                                          (267) 665-2080
                                                          mec@saxtonstump.com

                                                          *Attorney for Defendant Emma Semler*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 30th day of November, 2022, via the Court's Electronic Case Filing ("ECF") System, upon all counsel of record and via email upon United States Probation Officer Carolyn DeMayo.

                                                */s/ Mark E. Cedrone*
                                                MARK E. CEDRONE